WILLIAM ROEBER, Respondent, *v.* PETER BOWE, as Sheriff, etc., Appellant.

*Evidence — what is sufficient to uphold a sale of goods though the vendor remains in possession — declarations of the vendor as to his reasons for making the sale — when they are admissible as against the vendee.*

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The court at General Term said: "The verdict was recovered for the value of a stock of goods which the defendant, as sheriff, levied upon and sold under an execution issued upon a judgment recovered by James S. Carpenter against George W. Carpenter. Before the action was commenced the judgment debtor by a bill of sale sold the stock of goods to the plaintiff in this action. But the property was levied upon and afterwards sold by the sheriff upon the allegation that the sale to the plaintiff was made to hinder, delay or

defraud creditors, and in support of that position it was made to appear that no actual or continued change of possession of the property sold was made after the sale, but the vendor continued in the store carrying on the business, in the employment of the plaintiff, for the compensation of twelve dollars a week. This, under the direct terms of the statute, rendered the transaction presumptively fraudulent. But to remove that presumption evidence was given tending very directly to prove that the plaintiff, when he bought out the stock of goods, paid their full and fair value for it to the judgment debtor, and that he himself maintained a constant oversight of the business, although in its general transaction he retained the debtor in his employment. This was sufficient to entitle the plaintiff to have the point submitted, as it was, to the jury to determine as a matter of fact whether the sale had been made in good faith notwithstanding the continued possession of the vendor. The case of *Tifft* v. *Barton* (4 Denio, 171), which was held not to have been properly submitted to the jury, is distinguishable from the present one by the circumstance that in that case there was no evidence of a consideration having been actually paid, while in this case the evidence was reasonably clear that the plaintiff had paid more than the full value of the goods constituting the stock in the store; and under that evidence the case was made a proper one for the jury to determine whether or not the sale had been made in good faith without any fraudulent intent. (*Starin* v. *Kelly*, 88 N. Y., 418.) * * *

" The judgment creditor, in the course of his examination as a witness, was interrogated as to statements which the debtor had made to him concerning his title or interest in this stock of goods, and the court limited the inquiries to conversations at the store while Carpenter was acting there. What was said at the store the defendant was at liberty to prove, but what was said elsewhere was excluded.

" This ruling is now relied upon as erroneous under the authority of *Adams* v. *Davidson* (10 N. Y., 309). There the debtor, who was left in the possession of the goods after he had made a general assignment, stated that one object of it was to coerce other persons to become his security on an appeal, in which event it was to become void. This statement was allowed to be proved for the

reason that the assignor remained in the possession of the goods up to and after the time the declaration was made. But whether it was made while the assignor was actually in the store does not clearly appear from the case. Proof of the declaration was received upon the authority of *Willies* v. *Farley* (3 Carr. & P., 395). That was a *nisi prius* decision in which proof was received of a statement made by the defendant in a second execution, that a preceding execution had been sued out to protect the goods against a levy under the second. This statement is not shown by the case to have been made at a time or place when the defendant was not in the immediate charge of the goods, and for that reason it may very well have been proper evidence explanatory of the fact of his continued possession, although the property had been in form levied upon under another execution. If evidence of this character can be legally and properly received in any case it would seem to be because of the circumstance that the vendor is at the time in the actual possession of the property. As such he holds it ostensibly as the agent of the vendee, and it is only when the agent may be in the performance of some act within the range of his agency that what he may say can be given in evidence against his principal. And this rule will not include mere statements or declarations casually made by the ostensible agent when he is neither actually nor constructively performing any act in the course of his agency. This was further considered in *Tilson* v. *Terwilliger* (56 N. Y., 273). And the preceding case of *Adams* v. *Davidson* seems to have been limited in this manner, and to require that the declarations proposed to be given shall appear to accompany some act of which they are made explanatory. And the rule allowing them to be given, even when that may be their character, to impeach a sale of property previously made, does not seem to be quite consistent with the principle which has been applied under like circumstances of continued possession when the subject of the sale has been real instead of personal property." (*Vrooman* v. *King*, 36 N. Y., 477.)

*A. J. Vanderpoel*, for the appellant.

*Edward P. Wilder*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment and order affirmed.